IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Bid Protest)

_____

|  |  |  |
|---|---|---|
| DYNCORP INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-1704 C |
| | ) | (Senior Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AAR AIRLIFT GROUP, INC., | ) | |
| | ) | |
| Defendant-intervenor. | ) | |

_____

## DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND

Pursuant to Rule 52.2 of the Rules of the United States Court of Federal Claims,

defendant, the United States, respectfully requests that the Court remand this case to the

Department of State for 30 days to reconsider, and to make further inquiry regarding, certain

matters under the Procurement Integrity Act (PIA).  We are making this request in light of the

matters set forth in the Inspector General (IG) memorandum, which we previously filed under

seal with the Court, and which previously was not available to agency procurement officials.  In

email correspondence with the undersigned counsel on January 11, 2017, counsel for plaintiff,

David Nadler, stated that plaintiff consents to this motion, and counsel for defendant-intervenor,

Joel Singer, stated that defendant-intervenor does not oppose this motion.

A remand is in the interests of justice because it will provide the agency with an

opportunity, in the first instance, to conduct further inquiry and to reconsider the PIA issues in

this case in light of the IG memorandum and any new evidence gathered during the proposed

remand.  During the proposed remand, the agency potentially could make decisions that could moot this action, in whole or in part, and may obviate the need for further litigation in this Court.

This motion is predicated upon the interests of justice and is not predicated upon an admission of error by either the United States or the Department of State.  *See SKF USA Inc. v. United States,* 254 F.3d 1022, 1028-30 (Fed. Cir. May 25, 2001) (reversing trial court's denial of a remand motion as an abuse of discretion, explaining:  "the agency may seek a remand because of intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation," and, "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position").  We have requested a remand in good faith because it will further the interests of justice for the agency to reconsider the PIA issues in light of newly-available evidence.  When, as in this case, "the agency's concern is substantial and legitimate, a remand is usually appropriate."  *Id.* at 1029; *see also Home Prods. Int'l, Inc. v. United States*, 633 F.3d 1369, 1378 & n.10 (Fed. Cir. 2011) ("our decisions and the decisions of other courts have recognized the appropriateness of a remand to an administrative agency when new and material evidence is presented to the reviewing court and the agency requests a remand for further consideration") (collecting cases, including *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) ("[C]ourts typically grant an agency's motion to remand a case if there has been an intervening change in the law or new evidence.")).

Following the conclusion of the proposed remand, we propose that the parties file a joint status report setting forth the parties' positions regarding whether further litigation is necessary, and, if so, a proposed date for defendant to file the administrative record associated with the remand proceedings, and a proposed briefing schedule on the merits.

For these reasons, we respectfully request that the Court (1) grant this motion for a voluntary remand pursuant to RCFC 52.2, (2) remand this matter to the Department of State for reconsideration based upon the IG memorandum and any further evidence that the agency may gather during the remand in accordance with any procedures that the agency may establish for that purpose, (3) establish the initial duration of the remand for 30 days, which may be extended upon request if necessary, (4) stay further proceedings in this action pending the completion of the remand, and (5) order the parties to file a joint status report within three days following the conclusion of the remand proceeding that sets forth the parties' positions regarding whether further litigation is necessary, and, if so, a proposed date for defendant to file the administrative record associated with the remand proceedings, and a proposed briefing schedule on the merits for the Court's consideration.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

 s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Assistant Director

 s/ Douglas G. Edelschick
DOUGLAS G. EDELSCHICK
Trial Attorney

Of Counsel:                     Commercial Litigation Branch
                                Civil Division
KATHLEEN D. MARTIN              Department of Justice
Attorney Adviser                P.O. Box 480
Department of State             Ben Franklin Station
2201 C Street, N.W.             Washington, DC 20044
Washington, DC 20520-6419       Tel: (202) 353-9303

January 11, 2017                Attorneys for Defendant